IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK,<br><br>Defendant. | CIVIL NO: 16-1731 (MCA)(MAH) |

## STIPULATED ORDER TO AMEND CONSENT DECREE

The Parties have stipulated to the following amendments to the Consent Decree in this case, and the Court, having fully considered the stipulation and proposed amendments hereby amend the Consent Decree in the following manner (additions in bold and deletions in double strikethrough):

**Paragraph 4(c)**

The provision in Paragraph 4(c) currently defines "aggressive resistance" as follows:

> "Aggressive Resistance" means the intent to harm an officer, the subject, or another person, and to prevent an officer from taking control and placing a subject in custody. The aggression may manifest itself through a subject's taking a fighting stance, or punching, kicking, striking, attacks with weapons, or other actions that present an imminent threat of physical harm to the officer or another person

The amended provision shall read as follows:

> "Aggressive Resistance" means the intent to harm an officer, the subject, or another person, and to prevent an officer from taking control ~~and placing a subject in custody~~ **while achieving a lawful objective**. The aggression may manifest itself through a subject's taking a fighting stance, or punching, kicking, striking,

attacks with weapons, or other actions that present an imminent threat of physical harm to the officer or another person.

### Paragraph 4(m)

The provision in Paragraph 4(m) currently defines "deadly force" as follows:

"Deadly Force" means any use of force likely to cause death or serious injury, including the use of a firearm, neck hold, or strike to the head, neck, or throat with a hard object, including a fist.

The amended provision shall read as follows:

"Deadly Force" means any use of force likely to cause death or serious injury, including the use of a firearm, neck hold, or strike to the head, neck, or throat with a hard object. ~~including a fist.~~

### Paragraph 4(x)

The provision in Paragraph 4(x) currently defines "Intermediate Force" or "Intermediate Use of Force" as follows:

"Intermediate Force" or "Intermediate Use of Force" includes the use of chemical spray; use of an impact weapon to strike a person but where no contact is made; use of a baton for non-striking purposes (e.g., prying limbs, moving or controlling a person); or weaponless defense techniques (e.g., elbow strikes, kicks, leg sweeps, and takedowns).

The amended provision shall read as follows:

"Intermediate Force" or "Intermediate Use of Force" includes the use of chemical spray; use of an impact weapon to strike a person but where no contact is made; use of a baton for non-striking purposes (e.g., prying limbs, moving or controlling a person); **fist strikes not likely to cause death or serious injury;** or weaponless defense techniques (e.g., elbow strikes, kicks, leg sweeps, and takedowns).

### Paragraph 4(xx)

The provision in Paragraph 4(xx) currently defines "Training" as follows:

"Training" means traditional lecture formats, as well as methods incorporating role-playing scenarios and interactive exercises that instruct officers about how to exercise their discretion. Training also includes testing, writings, or other measures that assess whether officers comprehend the material taught.

The amended provision shall read as follows:

"Training" means traditional lecture formats, **roll-call training, distance training, and field training** as well as methods incorporating role-playing scenarios and interactive exercises that instruct officers about how to exercise their discretion. Training also includes testing, writings, or other measures that assess whether officers comprehend the material taught.

### Paragraph 27(a)

The provision in Paragraph 27(a) that currently reads as follows:

NPD will prohibit NPD officers from:

a. Conducting 'pretext' vehicle stops or detentions without prior approval of a supervisor."

The amended provision shall read as follows:

NPD will prohibit NPD officers from:

a. Conducting 'pretext' vehicle stops or detentions without prior approval of a supervisor, **unless it is not reasonably practical to obtain such prior approval. If officers cannot obtain supervisory approval prior to a "pretext" vehicle stop, they will obtain such approval as soon as possible after conducting the stop and will document why it was not practical to obtain prior approval.**"

### Paragraph 31

The provision in Paragraph 31 that currently reads as follows:

NPD will prohibit officers from seeking consent to search a motor vehicle unless the officer has a reasonable and articulable suspicion that the search will reveal evidence of a crime, or the officer has legal authority for the search that is independent of consent. Officers will document in writing the basis for this suspicion or other legal authority.

The amended provision shall read as follows:

NPD will prohibit officers from seeking consent to search a motor vehicle unless the officer has a reasonable and articulable suspicion that the search will reveal evidence of a crime, ~~or the officer has legal authority for the search that is independent of consent~~. Officers will document in writing the basis for this suspicion or other legal authority.

### Paragraph 32

The provision of Paragraph 32 that currently reads as follows:

> NPD will require that officers obtain the approval of a supervisor on the scene prior to conducting a search of an individual or a home based upon consent.

The amended provision shall read as follows:

> NPD will require that officers obtain the approval of a supervisor ~~on the scene~~ prior to conducting a search of an individual or a home based upon consent.

**Paragraph 44**

The provision in Paragraph 44 that currently reads as follows:

> NPD's first-line supervisors will review all documentation, including video from body-worn cameras as appropriate, of investigatory stops and detentions, searches, and arrests for completeness and adherence to law and NPD policy.

The amended provision shall read as follows:

> **NPD will ensure supervisors review investigatory stops and detentions, searches, and arrests for completeness and adherence to law and NPD policy. NPD's supervisors will:**
> **a. Review all written documentation;**
> **b. Review relevant video recordings for all incidents in which the supervisor suspects, for any reason, that an officer's conduct may not have complied with law or NPD policy; and**
> **c. On an ongoing basis, review a random selection of video recordings of stops and detentions, searches, and arrests amounting to at least 10 percent of all stops and detentions, searches, and arrests."**

**Paragraph 62**

The provision in Paragraph 62 that currently reads as follows:

> NPD will prohibit officers from destroying, seizing, or otherwise coercing a bystander to surrender recorded sounds or images made of officers in the course of their duties, without first obtaining a warrant. Nor may officers order a bystander to destroy any such recording. Where an officer has a reasonable belief that a bystander or witness has captured a recording of critical evidence related to a felony crime, the officer may secure such evidence only as long as necessary to obtain a subpoena, search warrant, or other valid legal process or court order.

The amended provision shall read as follows:

> NPD will prohibit officers from destroying, seizing, or otherwise coercing a bystander to surrender recorded sounds or images made of officers in the course of their duties, without first obtaining a warrant. Nor may officers order a

bystander to destroy any such recording. Where an officer has a reasonable belief that a bystander or witness has captured a recording of critical evidence related to a ~~felony~~ **serious** crime, the officer may secure such evidence only **(1) in exigent circumstances where it is reasonable to believe that the recording will be destroyed, lost, tampered with or otherwise rendered useless as evidence before a warrant can be obtained, and (2) only for** as long as necessary to obtain a subpoena, search warrant, or other valid legal process or court order ~~as long as necessary to obtain a subpoena, search warrant, or other valid legal process or court order~~.

### Paragraph 67(g)

The provision in Paragraph 67(g) that currently reads as follows:

NPD will explicitly prohibit using force against persons in handcuffs, except as objectively reasonable to prevent imminent bodily harm to an officer or another person or persons, or, as objectively reasonable, where physical removal is necessary to overcome passive resistance;

The amended provision shall read as follows:

NPD **policy** will explicitly prohibit **the gratuitous use of** ~~using force against~~ **restrained individuals. The use of force against a restrained individual is presumptively unreasonable. An officer may overcome the presumption by showing that the force used was necessary to protect the safety of the subject or another individual.** ~~persons in handcuffs, except as objectively reasonable to prevent imminent bodily harm to an officer or another person or persons, or, as objectively reasonable, where physical removal is necessary to overcome passive resistance;~~

### Paragraph 71

The provision in Paragraph 71 that currently reads as follows:

NPD will prohibit officers from possessing or using unauthorized firearms or ammunition. In addition, all authorized firearms carried by officers will be loaded with the capacity number of rounds of authorized ammunition.

The amended provision shall read as follows:

NPD will prohibit officers from possessing or using unauthorized firearms or ammunition **in connection with or while performing policing duties**. In addition, all authorized firearms carried by officers will be loaded with the capacity number of rounds of authorized ammunition.

**IT IS HEREBY ORDERED.**

1/31/18

_____
**HONORABLE MADELINE COX ARLEO**
United States District Court