IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWARK,<br><br>    Defendant. | CIVIL NO:  16-1731 (MCA)(MAH) |

**UNITED STATES' RESPONSE IN SUPPORT OF DEFENDANTS'
MOTION TO TERMINATE CONSENT DECREE**

On September 12, 2025, Defendant, the City of Newark, moved to terminate the 2016 Consent Decree resolving the findings by the United States Department of Justice that the Newark Police Department (later renamed the Newark Police Division) ("NPD") had engaged in a pattern or practice of constitutional violations in its stop and arrest practices, use of force, response to individuals' exercise of their First Amendment rights, and theft by officers. Because the United States believes that the City has substantially complied with the terms of the Consent Decree and for the reasons explained further below, the United States supports the City's motion.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b)(5) provides that courts can terminate a judgment when "the judgment has been satisfied" or when "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). In applying Rule 60(b)(5), the Third Circuit has recognized that "equity demands a flexible response to the unique conditions of the case" when considering whether to modify or terminate a consent decree. *Building and Const. Trades Council of Philadelphia and Vicinity v. Nat'l Labor Relations Board,* 64 F.3d 880, 888 (3d Cir. 1995). General considerations

should include "the circumstances leading to [the] entry of the injunction and the nature of the conduct sought to be prevented; the length of time since entry of the injunction; whether the party subject to its terms has complied or attempted to comply in good faith with the injunction; and the likelihood that the conduct or conditions sought to be prevented will recur absent the injunction." *Id.*

Relief under Rule 60(b)(5) is also appropriate if "'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447-48 (2009) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)). As the Supreme Court has noted, in institutional reform cases such as this one, Rule 60(b)(5) serves a "particularly important function." *Horne*, 502 U.S. at 447. The "passage of time" in these cases "frequently brings about changed circumstances"—including "changes in the nature of the underlying problem" and "new policy insights"—that "warrant reexamination of the original judgment." *Id.* at 448. In assessing the prospective application of an institutional reform injunction, courts examine whether "the objective" of the judgment "has been achieved." *Id.* at 450. "If a durable remedy has been implemented, continued enforcement of the order is not only unnecessary, but improper." *Id.*

## DISCUSSION

The United States supports termination of the Consent Decree, but for a different reason than that advanced by the City. The City's motion seeks termination on the premise that it has achieved "full and effective compliance" with the Consent Decree. Consent Decree, Par. 223, ECF No. 5 at 70-71 (requiring "sustained compliance with **all material requirements** of this Agreement and sustained and continuing improvement in constitutional policing, as demonstrated pursuant to the Agreement's outcome measures, all as determined by the Court." (emphasis

added)). However, the Monitor has not yet found sustained compliance with the Decree's provisions related to Supervision and Internal Affairs.[1] *See* ECF Nos. 435-32 and 435-33. Nor has the Monitor assessed NPD's compliance with the requirements regarding non-substantive Data Systems Improvement. *See* ECF No. 435 at 11, FN 6.

Nonetheless, the United States believes that the City has met Rule 60(b)(5)'s legal standard for Decree termination by implementing durable reforms that address the concerns underlying the United States' findings of constitutional violations. *Horne*, 502 U.S. at 450. The City's implementation of reforms to provide constitutional and effective policing demonstrate achievement of the underlying objectives of the decree: systemic reforms that have substantially reduced the likelihood that similar violations will recur. *Building and Const. Trades Council of Philadelphia and Vicinity,* 64 F.3d at 888. As the City's motion notes, NPD revised its policies to meet the requirements of the Consent Decree and trained staff on the new requirements. It implemented these new and revised policies in almost every substantive area of the Consent Decree. NPD also implemented a body-worn and in-car camera program and is working to improve its data systems, a non-substantive area of the Decree.

The Court has recognized the City's substantial progress with the Decree over time, granting the parties' joint motion for partial termination of the Consent Decree in May 2024. The Court considered the City's record of established compliance in several areas, including most of the provisions in the following Sections: III. Policy Review and Revision; IV. Training; VI. Community Engagement; VI.A. Stops; VI.G. First Amendment Right to Observe, Object and

---

[1] The City's implementation of Sec. XI. Complaint Intake and Investigation (i.e., internal affairs) and Sec. XIII. Discipline are still subject to bargaining with the City's police union. We anticipate that the completion of bargaining will lead to implementation of policies in conformance with the City's implementation of other Consent Decree requirements.

Record Officer Conduct; IX. In-car and Body-worn Cameras; and X. Theft. *See* ECF No. 360. Now, based on a holistic view of NPD's ongoing efforts and the Monitor's evaluations, the United States believes that the City has substantially satisfied the Consent Decree's purposes in the following core Sections: VII. Use of Force; VI.B. Searches; and VI.C. Arrests. The positive trends and outcomes identified in the Monitor's compliance audits, as discussed in his final report (*see* ECF No. 435), and NPD's use-of-force and arrest data as discussed and the City's motion (see ECF No. 436 at 161-19) all support this conclusion.

Most notably, the Monitor found NPD to be at least 90% substantively compliant—meaning that NPD officers' actions were consistent with its relevant policies, the Consent Decree, and federal law—in all but one of his assessments regarding use of force, search and arrest practices. The Monitor conducted three Use of Force assessments, finding 92.9% substantive compliance in the first, 94.2% in the second, and 96.7% in the third. ECF No. 435 at 42-43. The Monitor conducted two Arrests assessments, finding 99% substantive compliance both times. *Id.* at 31-32. And although NPD did not meet expectations in the first of the Monitor's assessment of Searches with just 65% substantive compliance, NPD performed dramatically better in the second with 95.8%. *Id.* at 29. The United States' own reviews of force incidents and arrests during the Consent Decree and its observations were consistent with those of the Monitor. Accordingly, evidence indicates that NPD has remedied prior constitutional issues and now polices effectively and constitutionally.

Because the City's reforms and resulting outcomes satisfy the Rule 60(b)(5) legal standard for decree termination, the United States supports the City's motion to terminate the Consent Decree.

Respectfully submitted,

TODD BLANCHE
United States Deputy Attorney General

ALINA HABBA
United States Attorney
Special Attorney
District of New Jersey

s/ Junis L. Baldon
JUNIS L. BALDON
Assistant United States Attorney
United States Attorney's Office
District of New Jersey
402 East State Street, Room 430
Trenton, NJ 08608
Tel. (973) 902-5441
Email:  Junis.Baldon2@usdoj.gov

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

R. JONAS GEISSLER
Deputy Assistant Attorney General

PATRICK MCCARTHY
Chief

LAURA COWALL
Deputy Chief

s/ Jeffrey R. Murray
JEFFREY R. MURRAY
Trial Attorney
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel.  (202) 353-5535
Email:  Jeff.Murray@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on September 25, 2025, I electronically filed this document using the CM/ECF system, which will send notification to counsel of record in the above-captioned matter.

<u>s/Junis L. Baldon</u>
JUNIS L. BALDON
Assistant United States Attorney
District of New Jersey